IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 07-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAMON BROOKS,
2. HAVEN BREWER,
    a/k/a "No Love,"
3. VERNON EDWARDS,
    a/k/a/ "Lil Thirty Ounce,"
4. BRIAN HICKS,
    a/k/a "Solo,"
    a/k/a "S,"
5. BENJAMIN CORNELL THOMAS,
    a/k/a "E-Low,"
    a/k/a "Little E-Low,"
    a/k/a "Trey-Trey,"
6. GERARDO TORIBIO,
    a/k/a "Chato,"
    a/k/a "Guero,"
7. DAMIAN TURNER
    a/k/a "Two-Two,"
8. PATRICIA TURNER, and
9. MALCOLM WATSON,
    a/k/a "PM,"

    Defendants.

**ORDER PERMITTING
DISCLOSURE OF GRAND JURY TRANSCRIPTS
FOR OFFICIAL PURPOSES ONLY**

The Court has reviewed the government's motion for an Order to permit

disclosure of grand jury transcripts to the defense, for official use only, in this case

before trial pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i), Rule 16(d), and the All Writs Act at Title 28 U.S.C. § 1651. The Court is familiar with this case and the applicable provisions of law. Having reviewed the file and being sufficiently advised in the premises, the Court finds and concludes as follows:

Rule (6)(e)(3)(E) provides in part that the "court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter: (i) preliminarily to or in connection with a judicial proceeding. . ." Rule (6)(e)(3)(F) provides in part that, when the government files a motion for disclosure, the hearing on said motion may be done *ex parte*.

In this case, as in many cases, there are competing considerations of trial efficiency and grand jury confidentiality. The government has advised the Court that the grand jury testimony in this case is intertwined with testimony in District of Colorado case numbers 07-CR-172-EWN, 07-CR-173-LTB, 07-CR-174-LTB, 07-CR-175-LTB, 07-CR-176-MSK, 07-CR-177-EWN, 07-CR-178-REB, 07-CR-179-EWN, 07-CR-180-REB, 07-CR-181-LTB, 07-CR-182-REB, 07-CR-183-REB, 07-CR-184-WYD, 07-CR-185-EWN, 07-CR-186-WYD, 07-CR-187-WYD, and 07-CR-188-WDM. The government's motion suggests some conditions which would accommodate the best interests of justice served by Fed.R.Crim.P. 6 and 26.2.

Being now sufficiently advised in the premises, the Court hereby orders that the government may disclose to the active defense counsel of record in this case transcripts of grand jury testimony or material considered by the grand jury (whether on paper or by means of electronic media) in relation to the indictment or superseding

indictments, if any, of the above named defendant.

The receipt of said grand jury material shall be subject to certain conditions. The Court directs and hereby orders that: (1) copies of grand jury transcripts or other material provided to the defense counsel of record shall remain in the personal control of counsel — although the defendant may review the Grand Jury transcript or material, the grand jury transcripts and material shall not be entrusted to the defendant outside of the presence of counsel; (2) although a print out for official use only may be permitted, no further publication or duplication of such grand jury transcripts or material shall be made without permission of the Court; and (3) any grand jury transcripts or material disclosed pursuant to this order, including print outs from electronic media, shall to be delivered to the United States Attorney's Office after the conclusion of the case. Any grand jury transcripts or material received pursuant to this order shall be used for official purposes only.

Dated: May 21, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge